UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Case No. 22-41362-399 |
| KOBI K. GILKEY, ) | |
| ) | Chapter 13 |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |

**MOTION OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE
INTERNAL REVENUE SERVICE, TO DISMISS CHAPTER 13 CASE**

COMES NOW United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for said District, and for its motion to dismiss, states as follows:

1. Debtor filed his voluntary Chapter 13 petition on May 5, 2022.

2. On May 13, 2022, the IRS filed a proof of claim in the amount of $9,065.31, consisting of $7,968.15 in unsecured priority claims and $1,097.16 in general unsecured claims. *See* Claim 3-1. However, the IRS's claim consists of estimates for 2018 and 2021, because Debtor has not filed his federal income tax returns for those years.

3. Debtor's 2018 and 2021 federal income tax returns are for taxable periods ending during the 4-year period prior to the filing of Debtor's bankruptcy petition. Debtor is required by 11 U.S.C. § 1308(a) to file these returns no later than the day before the date on which the meeting of creditors is <u>first scheduled</u> to be held; in this case, June 1, 2022. *See* Doc. 7.

4. Upon the failure of Debtor to <u>timely</u> file all required tax returns pursuant to Section 1308(a), on request of a party interest, "the court **shall** dismiss a case or convert a case under

1

[Chapter 13] to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate." 11 U.S.C. § 1307(e) (emphasis added).

5. Congress included Sections 1307(e) and 1308(a) in the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCA") of 2005. These sections of BAPCA "expresses the Congressional intent that it is 'important to demand that debtors file returns' to assist state revenue agencies to determine whether they had claims against the debtor and 'to punish those debtors who were delinquent in filing tax returns' by withholding the benefits of Chapter 13." *In re McCluney*, 2007 WL 2219112 at *1 (Bankr. D. Kan. June 22, 2007) (quoting *In re French*, 354 B.R. 258, 260-61 (Bankr. E.D. Wisc. 2006)).

6. Section 1307(e) leaves no discretion for the Court. 11 U.S.C. § 1307(e) (stating the court "shall" dismiss or convert); *see also In re Perry*, 389 B.R. 62, 66 (Bankr. N.D. Ohio 2008) ("the Court must construe a statute according to its unambiguous terms…failure to comply with § 1308 results in case dismissal pursuant to § 1307(e)."). Even if a debtor files a missing return after the day before her Section 341 meeting of creditors is first set, dismissal or conversion is nonetheless mandatory. *In re Perry*, 289 B.R. at 66 (although dismissal may be "harsh penalty," unambiguous language of statute requires dismissal or conversion). Moreover, the equitable provisions of 11 U.S.C. § 105 is unavailing, because "[b]ankruptcy courts cannot use equitable principles to disregard unambiguous statutory language…The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.*, 934 F.2d 723, 725 (6th Cir. 1991) (internal quotations omitted).

7. This case has not been previously converted from another chapter.

WHEREFORE, the IRS respectfully asks this Court to dismiss this Chapter 13 case.

2

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Joshua M. Jones*
JOSHUA M. JONES #61988 MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2310
(314) 539-2287 fax
joshua.m.jones@usdoj.gov

**Certificate of Service**

I certify that a true and correct copy of the foregoing document was filed electronically on June 22, 2022, with the United States Bankruptcy Court, and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that on June 22, 2022, a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, to the following:

Kobi K. Gilkey
9132 Darnell Place
Saint Louis, MO 63136

/s/ *Joshua M. Jones*
Assistant United States Attorney